UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

OLIVIA JOHNSON,
Plaintiff,
v.
GINA ABADI, HONG YI ZENG,
Defendants.

Case No.: 25-cv-3289-JAH-GC

**ORDER:**

**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS;**

**(2) DISMISSING PLAINTIFF'S COMPLAINT**

**(ECF Nos. 1, 2)**

## INTRODUCTION

On November 25, 2026, Olivia Johnson ("Plaintiff"), filed a complaint seeking damages against Gina Abadi and Hong Yi Zeng ("Defendants"). ECF No. 1. Plaintiff also filed a motion to proceed *in forma pauperis* ("IFP"). ECF No. 2. After a review of the pleadings, and for the reasons set forth below, the Court (1) **GRANTS** Plaintiff's motion to proceed IFP and (2) **DISMISSES** the Complaint without prejudice.

///

## DISCUSSION

### I. Motion to Proceed *In Forma Pauperis*

All parties instituting any civil action, suit or proceeding in a United States district court, except an application for writ of *habeas corpus*, must pay filing fees totaling $405.[1] *See* 28 U.S.C § 1914(a). Pursuant to 28 U.S.C. § 1915(a), an action may proceed despite a plaintiff's failure to pay filing fees, but only if the district court grants the plaintiff IFP status. *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Courts grant leave to proceed IFP when plaintiffs submit an affidavit including a statement of all their assets and income, affirmatively demonstrating an inability to pay the statutory filing fee. *See* 28 U.S.C. § 1915(a).

On November 7, 2025, Plaintiff reported financial information under penalty of perjury in support of her motion to proceed IFP. ECF No. 2. Plaintiff reports assets totaling $50. Plaintiff's monthly income totals $1,100, and monthly expenses total $1,110. *Id*. Based on Plaintiff's financial disclosures, this Court finds that Plaintiff is unable to pay the filing fee. Accordingly, the Court **GRANTS** Plaintiff's motion to proceed IFP.

### II. Sua Sponte Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B)

#### A. Standard of Review

Pursuant to 28 U.S.C. § 1915(a), a plaintiff seeking leave to proceed IFP, is subject to *sua sponte* review and mandatory dismissal if the action "is frivolous or malicious; fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*) ("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a); SD Cal CivLR 4.5. The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

fails to state a claim.") (citations omitted). The standard for failure to state a claim under § 1915(e)(2)(B)(ii) is the same as the standard under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

Pursuant to Rule 12 (b)(6) dismissal of the complaint is warranted if the plaintiff's complaint fails to present a cognizable legal theory that shows the plaintiff may be entitled to the relief sought by the complaint, or alternatively presents a legal theory, but fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). While a plaintiff need not give "detailed factual allegations," plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**B. Insufficiency of Plaintiff's Allegations**

As currently pled, Plaintiff's complaint fails to state a claim upon which relief may be granted. The complaint is only three sentences. ECF No. 1. Plaintiff generally states that Defendants "conspired together in violation of due process rights" and requests relief of "$1 Million." *Id.* The Complaint fails to identify the claims against the Defendants and provides no factual allegations showing Plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8(a) ("a pleading that states a claim for relief must contain: a short and plain statement of the claim showing that the pleader is entitled to relief"). Therefore, the Court finds that the Complaint fails to state a claim. Accordingly, the Court **DISMISSES** Plaintiff's Complaint.

///

///

///

///

///

///

///

///

## CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915(a) is **GRANTED**.
2. The Complaint is **DISMISSED** without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff may file an amended complaint which cures the deficiencies of the pleading described herein **on or before October 26, 2026**. Plaintiff is cautioned, however, that should she choose to file an amended complaint, it must be complete in and of itself without reference to the original complaint, comply with the Federal Rules of Civil Procedure, including Rule 8(a), and that any claim not re-alleged will be considered waived. *See* SD Cal CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be considered "waived if not repled."). A failure to file an amended complaint will result in dismissal of this action without further order of the Court.

**IT IS SO ORDERED.**

DATED: October 5, 2026

JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE